UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kent L. Mehrkens,

Plaintiff,

vs.

Wells Fargo,

Defendant.

Court File No. 00-CV-400 ~~DWF/AJB~~ PAM/JGL

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

## STIPULATION

1. Until further order of this Court or stipulation of the parties, all discovery in litigation of the above matter shall be subject to this Confidentiality Stipulation and Protective Order.

2. All confidential information produced or exchanged shall be used solely for the purpose of litigation of the above matter.

3. Confidential information includes:

(a) any documents, interrogatory responses, deposition testimony and/or other discovery that relate to or are part of the personnel files and/or personnel information of any past, present and/or prospective employee of Defendant Wells Fargo ("Wells Fargo"), Norwest Mortgage, Inc. ("NMI") and/or any information that Wells Fargo, NMI, or the person(s) to whom such information refers may claim, understand and/or believe to be private, secret, personal, or otherwise involving information entrusted to someone in the scope or course of employment;

(b) any documents, interrogatory responses, deposition testimony, and/or other discovery containing any financial, commercial, competitive, trade secrets, customer, or proprietary information regarding Wells Fargo, NMI, the customers of NMI and/or Wells Fargo, and/or Kent Mehrkens ("Mehrkens"); and

FILED 4 28 00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(c) any other document or information, regardless of who provides it, that Mehrkens and/or Wells Fargo designate as confidential by marking the initial page of the document "CONFIDENTIAL," or by indicating on the record at a deposition that such testimony is confidential, or by notifying all parties in writing within thirty (30) days of receipt of a deposition transcript that such testimony is confidential. To the extent reasonably practicable, the notification should set forth the specific pages of and/or the nature of the testimony in the deposition transcript that contain the confidential information not covered by subparagraphs (a) and (b) above. All depositions shall be treated as confidential in their entirety for a period of thirty (30) days after receipt of the transcript even if not so designated as set forth in this subparagraph.

4. Confidential information shall not be disclosed to any person except the parties, counsel for the parties and their respective staffs, experts retained for the above matter, and witnesses, except that confidential information shall not be disclosed to non-expert witnesses without the prior written consent of Wells Fargo or Court Order. All persons to whom counsel discloses any confidential information shall, prior to receiving such confidential disclosure, be furnished a copy of this Confidentiality Stipulation and Protective Order and be instructed by counsel that such disclosure must be kept confidential and used only in preparation for pretrial and trial of this matter.

5. The inadvertent or unintended disclosure of confidential information by the supplying party, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

6. The party receiving confidential information shall not be obligated to challenge the propriety of a "confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point in

these proceedings with the designation by the supplying party that information is confidential, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the "confidential" designation may seek appropriate relief from the Court, with the burden on the designating party to show that the information is confidential in nature.

7. The Clerk of Court is directed to maintain under seal all documents, transcripts of deposition testimony and any other information filed in the above matter that have been designated by counsel, in whole or in part, as confidential information. Counsel shall inform the Clerk's office at the time of filing the documents, transcripts, or information that they contain confidential information and are to be kept under seal.

8. When any party uses confidential information in any affidavits, briefs, memoranda of law, or other papers filed in Court, such papers shall be maintained under seal by the Court as directed by counsel. If any party neglects to so direct the Court, the information nevertheless remains confidential.

9. Except as permitted in paragraph 4 of this Confidentiality Stipulation and Protective Order, there shall be no reproduction whatsoever of confidential information, except as required in litigation of the above matter.

10. The Confidentiality Stipulation and Protective Order covers all information and discovery, regardless of the time of its production, and includes any previously discovered confidential information. Therefore, for example, any information regarding any past, present and/or prospective employee and/or temporary employee of Wells Fargo that is provided prior to

the date that this Confidentiality Stipulation and Protective Order is fully executed by the parties and the Court is covered by this Confidentiality Stipulation and Protective Order.

11. The fact that one party has designated information as confidential is not determinative of what the Court may subsequently determine to be confidential. The fact that there is a "confidential" designation shall not be admissible as evidence during the trial of the above matter.

12. Nothing in the foregoing provisions of this Confidentiality Stipulation and Protective Order shall preclude any party from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate, nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a more limited form of protection than designated is appropriate.

13. Within thirty (30) days after final termination of the above matter, including all appeals, every party and all experts, consultants, and/or witnesses receiving confidential information shall return to the furnishing counsel all confidential information in such individual's possession, custody, or control, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom. The reference to "all excerpts or summaries thereof or any other materials derived therefrom" is not intended to require the return of attorney work-product or attorney-client memoranda, but such documents must be maintained or stored safely and confidentially in the law offices of counsel. The parties and their counsel further agree that the confidential information remains confidential after the conclusion of the above matter and

that such confidential information may not be used in any other matter or for any other purpose without the prior written consent of all parties to this matter.

14. The obligations described in this Confidentiality Stipulation and Protective Order are to be in force for the duration of litigation of the above matter and shall remain in effect subsequent to the termination of the matter referenced above so as to protect the confidentiality of the information.

Dated: 15/04, 2000

Kent L. Mehrkens
5701 Washburn Avenue South
Minneapolis, MN 55410
(612) 924-5287
***Plaintiff pro se***

Dated: 4-24, 2000

**FLYNN & GASKINS, L.L.P.**

Barbara Jean D'Aquila, #2112X
Patrick R. Martin, #259445
333 South Seventh Street
2900 Metropolitan Centre
Minneapolis, Minnesota 55402
(612) 333-9500
***Attorneys for Defendant***

**ORDER**

IT IS HEREBY ORDERED that pursuant to the above stipulation of counsel, all discovery in litigation of the above matter and all confidential information shall be subject to the above Confidentiality Stipulation.

BY THE COURT:

DATED: April 27, 2000

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.